John C. Leonforte, J.
Plaintiff moves for a retaxation of costs taxed by the Clerk in favor of the defendant who was successful in having the complaint dismissed after trial. Plaintiff contends that since the defendant appeared in person in answering the complaint under the procedure set forth in subdivision (f) of section 55 of the New York City Civil Court Act, that *272 under section 162 of said act such defendant would not he entitled to costs. The latter section commences with the following phrase: “Upon issue joined and after trial, the prevailing party shall be allowed costs as follows, if he has appeared by attorney.” (Emphasis supplied.)
This action was tried soon after issue was joined because the defendant appeared in person as aforesaid, but at the trial he was represented by an attorney apparently with the acquiescence of the plaintiff. Plaintiff would have the court interpret the word “ appeared ” as synonymous with the word “ appearance ” and contends that in consequence of defendant’s initial appearance, pro se, in the action he should be prohibited from recovering costs under that portion of section 162 quoted above,.even though he was subsequently represented by an attorney upon the trial, and in a broad and general sense, appeared by attorney upon the trial.
The present section 162 was derived from the former Municipal Court Code (§ 164) which commenced with the following phrase: “In all actions there shall be allowed to the prevailing party, if he shall have shown that he has appeared by attorney, the following sums as costs: ’ ’. That section was in turn derived from section 332 of the same code which read in part as follows:
1‘ In all actions brought in this court there shall be allowed to the prevailing party, if he shall have appeared by an attorney at law, who files a verified pleading or a written notice of appearance, the following sums as costs ”.
The cases alluded to by the moving plaintiff deal by and large with this latter and older section requiring an attorney to file a verified pleading or written notice of appearance before his client, if successful, could recover costs. The evolution of this section to its present form (§ 162) indicates that a more liberal interpretation of the phrase ‘ ‘ appeared by attorney ” is to be given rather than a strict or literal one requiring an attorney to appear formally in the manner required under former section (332) before a party could be entitled to costs.
No precedent has been cited determinative of this issue but taking into consideration the fact that costs are awarded to the successful party to compensate him in some measure for attorney’s fees, I can see no reason why under the present applicable section (162) costs-should be denied to this defendant, who, as I see it, did appear by an attorney.
Accordingly, the plaintiff’s motion for relaxation is denied.